IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| VINOD HIMATSINGHANI, § <br> § <br> *Plaintiff*, § <br> § <br> v. § <br> § <br> MERIDIAN SECURITY INSURANCE § <br> COMPANY, § <br> § <br> *Defendant*. § | CIVIL ACTION NO. 4:23-CV-433 |

## PLAINTIFF'S ORIGINAL COMPLAINT

### PARTIES

1. Plaintiff, Vinod Himatsinghani (hereinafter referred to as the "plaintiff" or "insured"), is an individual and a citizen of the State of Texas.

2. Defendant, Meridian Security Insurance Company (hereinafter referred to as the "defendant" or "Meridian"), is a corporation that is incorporated under the laws of the State of Ohio. Defendant has its principal place of business in the state of Ohio. Defendant can be served with process by serving its agent for service of process, Corporation Service Company, at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

### JURISDICTION

3. The Court has jurisdiction over the lawsuit under 28 U.S.C. §1332(a)(1) because plaintiff and defendant are citizens of different U.S. states, and the amount in controversy exceeds $75,000, excluding interest and costs.

### VENUE

4. Venue is proper in this district under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district.

## CONDITIONS PRECEDENT

5. All conditions precedent has been performed or have occurred.

## FACTS

6. Plaintiff is the owner of homeowner insurance policy number 1000860764, which was issued by Meridian (hereinafter referred to as the "policy").

7. Plaintiff owns the insured property that is specifically located at 6044 Bellevue Place, Frisco, Texas 75034 (hereinafter referred to as the "property").

8. Defendant or its agent sold the policy insuring the property to plaintiff.

9. On or about September 4, 2022, plaintiff's property sustained damage from a storm. Plaintiff submitted a claim to Meridian against the policy for the damage.

10. Plaintiff submitted a claim to Meridian against the policy for damage caused to the property because of the storm. The insured asked Meridian to cover the cost of repairs to the property pursuant to the policy and any other available coverages under the policy. Meridian assigned claim number PR-0000000-455140 to the insured's claim.

11. On or about October 21, 2022, Meridian inspected the property in question. The storm caused significant damage to the property. Meridian performed an insufficient and unreasonable investigation of the property. The storm caused significant damage to the dwelling roof. Meridian did not conduct a thorough inspection and did not make sufficient allowances for the damage. As a result of Meridian's unreasonable investigation, the insured was wrongly denied the full cost to repair of the dwelling's roof.

12. Meridian failed to properly adjust the claim and Meridian has denied at least a portion of the claim without an adequate investigation, even though the policy provided coverage for losses such as those suffered by the insured. Furthermore, Meridian underpaid portions of the insured's

claim by not providing full coverage for the damages sustained by the insured, as well as under-scoping the damages during its investigation.

13. To date, Meridian continues to delay in the payment for the damages to the property. As such, the insured's claim(s) remain unpaid, and the insured still has not been able to properly repair the property.

## POST-CLAIM UNDERWRITING

14. Plaintiff alleges that Meridian engaged in fraudulent post-claim underwriting. At the time that defendant sold the insurance policy to plaintiff, defendant had no intention of performing its duties and honoring the representations it made to plaintiff. Specially, this representation consisted of defendant's promise to provide full indemnity to plaintiff from financial loss caused by a covered peril, less the policy deductible. Meridian intentionally under-evaluated the risk associated with the insurance policy to secure the policy sale and made an attempt to properly evaluate the risk only after plaintiff filed the insurance claim at issue. In its use of post-claim underwriting, defendant searched for reasons to deny plaintiff's claim by conducting the type of evaluation that it should have conducted before defendant sold the policy to plaintiff and before plaintiff paid insurance premiums to defendant. Had plaintiff known and understood that defendant would engage in post-claim underwriting before plaintiff agreed to purchase the insurance policy from defendant, the plaintiff could have made an informed decision and purchased coverage from a different insurance company. Defendant's actions allowed defendant to collect an upfront premium profit while intending to betray its promise of full indemnity. In the case at hand, defendant's fraudulent post-claim underwriting scheme caused plaintiff to purchase a worthless insurance policy and suffer financial property loss.

15. Meridian denied or underpaid plaintiff's claim as part of a strategy and scheme to guarantee or increase its surplus and shareholder returns. To date, Meridian continues to delay in the payment for the damages to the property. As such, the plaintiff's claim remains unpaid, and the plaintiff was never able to properly repair the property.

### COUNT 1 - BAD FAITH

16. Plaintiff is an insured under an insurance contract issued by Meridian, which gave rise to a duty of good faith and fair dealing.

17. Defendant breached the duty by denying and delaying payment of a covered claim when defendant knew or should have known its liability under the policy was reasonably clear.

18. Following its initial inspection conducted on or about October 21, 2022, Meridian possessed all information necessary to enable it to make a fair coverage and payment determination on plaintiff's claim. In addition, following its initial inspection, Meridian failed to provide coverage for all the covered damage, including the damage that plaintiff's inspector discovered during his inspection. Although Meridian should have designed its claims investigation system in a manner that would ensure timely claim payments, reasonable property inspections, and thorough property inspections, Meridian failed to honor its obligation to perform a reasonable investigation and issue timely payment to plaintiff.

19. Defendant's breach of duty proximately caused injury to plaintiff, which resulted in the following damages:

    a. mental anguish damages; and

    b. loss of policy benefits.

20. <u>Exemplary damages.</u>  Plaintiff suffered injury independent of the loss of policy benefits, and that injury resulted from defendant's gross negligence, malice, or actual fraud, which entitles plaintiff to exemplary damages under Texas Civil Practice & Remedies Code section 41.003(a).

### COUNT 2 - BREACH OF CONTRACT

21. In addition to other counts, Meridian breached its contract with plaintiff.

22. Plaintiff and defendant executed a valid and enforceable insurance contract.  The contract stated that defendant would pay the replacement cost of all damage which occurred to plaintiff's property caused by a covered peril, and that plaintiff would pay insurance premiums and perform other obligations as outlined in the insurance policy.

23. Plaintiff fully performed plaintiff's contractual obligations.

24. Meridian breached the contract by refusing to pay the full amount of the cost to repair or replace the property.  Meridian failed and refused to pay any of the proceeds of the policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property and all conditions precedent to recovery upon the policy had been carried out and accomplished by plaintiff.

25. Plaintiff seeks unliquidated damages within the jurisdictional limits of this court.

26. <u>Attorney Fees.</u>  Plaintiff is entitled to recover reasonable attorney fees under Texas Civil Practice & Remedies Code chapter 38 because this suit is for breach of a written contract.  Plaintiff retained counsel, who presented plaintiff's claim to Meridian.  Meridian did not tender the amount owed within 30 days of when the claim was presented.

### COUNT 3 – DECEPTIVE INSURANCE PRACTICES

27. Meridian failed to explain to plaintiff the reasons for defendant's offer of an inadequate settlement.  Defendant failed to offer plaintiff adequate compensation without adequate

explanation of the basis in the policy for its decision to make less than full payment. Furthermore, Meridian did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the policy, nor did they provide any explanation for the failure to adequately settle plaintiff's claim.

28. Meridian failed to affirm or deny coverage of plaintiff's claim within a reasonable time. Specifically, plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Meridian.

29. Meridian refused to fully compensate plaintiff under the terms of the policy, even though Meridian failed to conduct a reasonable investigation. Meridian performed an outcome-oriented investigation of the plaintiff's claim which resulted in a biased, unfair, and inadequate evaluation of plaintiff's losses on the property.

30. Meridian failed to meet its obligations under the Texas Insurance Code regarding its duties to timely acknowledge plaintiff's claim, begin an investigation of plaintiff's claim, and request all information reasonably necessary to investigate plaintiff's claim within the statutorily mandated time of receiving notice of plaintiff's claim.

31. Meridian failed to accept or deny plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. In addition, Meridian failed to communicate with plaintiff to ensure that plaintiff understood the coverage denials plaintiff received.

32. Defendant's acts or practices violated:

    a. Texas Insurance Code Chapter 541, subchapter B and Texas Business and Commerce Code Chapter 17.

(1) Not attempting in good faith to bring about a prompt, fair, and equitable settlement of a claim once the insurer's liability becomes reasonably clear. TEX. INS. CODE §541.060(a)(2)(A); TEX. BUS. & COM. CODE § 17.50(a)(4).

(2) Not promptly giving a policyholder a reasonable explanation, based on the policy as it relates to the facts or applicable law, for the insurer's denial of a claim or for the offer of a compromise settlement of a claim. TEX. INS. CODE §541.060(a)(3); TEX. BUS. & COM. CODE § 17.50(a)(4).

(3) Not affirming or denying coverage within a reasonable time. TEX. INS. CODE §541.060(a)(4)(A); TEX. BUS. & COM. CODE § 17.50(a)(4).

(4) Refusing to pay a claim without conducting a reasonable investigation. TEX. INS. CODE §541.060(a)(7); TEX. BUS. & COM. CODE § 17.50(a)(4).

b. Texas Insurance Code Chapter 541.151.

c. Texas Business & Commerce Code § 17.50(a)(4).

33. Defendant's acts and practices were a producing cause of injury to plaintiff which resulted in the following damages:

a. actual damages; and

b. insurance policy proceeds.

34. Plaintiff seeks damages within the jurisdictional limits of this Court.

35. Additional damages. Defendant acted knowingly, which entitles plaintiff to recover treble damages under Texas Insurance Code section 541.152(b).

36. Attorney fees. Plaintiff is entitled to recover reasonable and necessary attorney fees under Texas Insurance Code section 541.152(a)(1).

## COUNT 4 - LATE PAYMENT OF CLAIMS

37. Plaintiff is an insured under a contract for homeowner's insurance issued by defendant.

38. Defendant Meridian is a corporation.

39. Plaintiff suffered a loss covered by the policy and gave proper notice to Meridian of plaintiff's claim.

40. Meridian is liable for the claim and had a duty to pay the claim in a timely manner.

41. Defendant breached its duty to pay plaintiff's claim in a timely manner by not timely:

　　a.　acknowledging the claim;

　　b.　investigating the claim;

　　c.　requesting information about the claim;

　　d.　paying the claim after wrongfully rejecting it; and

　　e.　paying the claim after accepting it.

42. Meridian's breach of duty caused injury to plaintiff, which resulted in the following damages:

　　a.　mental anguish damages;

　　b.　policy proceeds;

　　c.　prejudgment interest

43. <u>Statutory damages.</u>  Plaintiff is entitled to recover actual damages in the amount of the claim, and under Texas Insurance Code section 542.060(a), statutory damages of 18% of the amount of the claim.

44. <u>Attorney fees.</u>  Plaintiff is entitled to recover reasonable attorney fees under Texas Insurance Code section 542.060(b).

## JURY DEMAND

45. Plaintiff respectfully requests a trial by jury.

## CONDITIONS PRECEDENT

46. All conditions precedent to plaintiff's claim for relief have been performed or have occurred.

## PRAYER

47. For these reasons, plaintiff asks that plaintiff be awarded a judgment against defendant for the following:

   a. Actual damages.

   b. Prejudgment and postjudgment interest.

   c. Consequential damages.

   d. Court costs.

   e. Attorneys' fees.

   f. Exemplary damages.

   g. All other relief to which plaintiff is entitled.

Respectfully submitted,

GULF COAST INSURANCE LAWYERS, P.C.
3233 West Dallas Street, Suite 2101
Houston, Texas 77019
Telephone: (713) 941-9309
Facsimile: (844) 270-0740

_____
DANNY RAY SCOTT
State Bar No. 24010920
danny@gulfcoastinsurancelawyers.com
NOHAYIA JAVED
State Bar No. 24074482
attorneyjaved@gulfcoastinsurancelawyers.com
HALIMATOU BAH
State Bar No. 24130178
hbah@gulfcoastinsurancelawyers.com

*Attorneys for Plaintiff*